We do not require the authority of an adjudged case to enable us to pronounce clearly and unequivocally that this bond is void. The principle of our decision is incorporated in the common law, which does not sanction any obligation founded upon a consideration which contravenes its general policy. This impresses upon the transaction an inherent defect which cannot be removed by the most deliberate consent of the parties or the utmost solemnity of external form.
Were it otherwise, there is no law, however important to the public welfare and happiness, which might not be paralyzed by the private agreement of individuals; and it would seem extravagantly absurd that the law might be called upon to enforce a contract whose essence and vitality are founded upon the violation of law, for all laws might be overthrown if men could enter into covenants not to obey them; and if courts of justice recognized the validity of such engagements the law would be accessory to its own destruction.
The consent of parties alone to a contract does not impart to (300) it obligatory force; it is also necessary that the subject of it be such as they have a rightful power to contract about. He who receives a vicious bond does by that very act relinquish all claim to the favor of the law, inasmuch as he does, as far as he can, give another an unjust and unlawful power over him.
This principle is very fully illustrated in Collins v. Blantin, 2 Wils., 347, where the defendant and others, being indicted by one Rudge, the plaintiff gave his note to Rudge to induce him not to prosecute; and the defendant, to indemnify the plaintiff against the note, gave the bond in question. Rudge did not prosecute, and the plaintiff paid him the amount of the note, and then sued the defendant on the bond, who, having pleaded the consideration, it was resolved that the note being given for an illegal purpose, viz., the compounding the prosecution, and the bond given to secure and repay that, that the bond was illegal and void.
In many subsequent cases the same doctrine has been enforced, and they all establish that every transaction the object of which is a violation *Page 232 
of a public duty is void; such as bribes for appointing to offices of trust; private engagements that an office shall be held in trust for a person by whose interest it was procured; agreements to stifle prosecutions of a public nature: all these considerations have been respectively brought into judgment, and pronounced illegal. And wherever it is attempted, by a contract, to prevent the due course of justice, the law gives no remedy upon it: as if a man promise money to another in consideration that he will not give evidence in a cause, such promise cannot be enforced, on account of the illegality and iniquity of suppressing testimony in any cause.
Judgment for the defendant.
NOTE. — See Sharp v. Farmer, 20 N.C. 122; Marriage brokerage bonds are void.
Cited: Overman v. Clemmons, 19 N.C. 193; Edwards v. Goldsboro,141 N.C. 65.
(301)